872 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHEROKEE EXPRESS, INC., Plaintiff-Appellee,
v.
CHEROKEE EXPRESS INC., and A.R.L., Inc., Defendants-Appellants.
 No. 89-1387.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1989.
 
 Before KEITH and KENNEDY, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This action was instituted on November 14, 1988 seeking injunctive and monetary relief for alleged violation of the Interstate Commerce Act, trade name infringement, and interference with a contractual relationship. By a memorandum opinion and order dated December 19, 1988 and entered December 23, 1988, the district court granted the plaintiff's motion for a preliminary injunction, enjoining the defendants' use of the name "Cherokee Express" and use of A.R.L.'s certificate by the defendant Cherokee Express. On February 1, 1989, the defendants moved the district court to reconsider its order granting the injunction, asserting that the district court failed to properly consider the equitable factors which govern injunctive relief. No new or changed circumstances mandating reconsideration were alleged. That motion was denied by order dated March 6, 1989 and entered On March 7, 1989. Thereafter on March 20, 1989, the defendants moved to amend the preliminary injunction; that motion was denied by the district court on March 29, 1989. On March 31, 1989, the plaintiff filed a motion seeking contempt sanctions against the defendants for violating the injunction.
 
 
 2
 The defendants filed a notice of appeal on April 3, 1989, stating that review is sought of the March 6, 1989 order denying their motion to reconsider the grant of injunctive relief. The defendants now seek to stay pending appeal that portion of the order enjoining Cherokee Express from using A.R.L.'s ICC license.
 
 
 3
 28 U.S.C. Sec. 1292(a)(1) provides in pertinent part:
 
 
 4
 (a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:
 
 
 5
 (1) Interlocutory orders of the district courts of the United States ... granting, continuing, modifying, refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court.
 
 
 6
 The Civil rules do not explicitly provide for motions to reconsider such interlocutory orders. An appeal of right under Sec. 1292(a)(1) must be taken from the order granting or denying injunctive relief, not from a motion for reconsideration. F.W. Kerr Chemical Co. v. Crandell Associate, Inc., 815 F.2d 426, 428-299, (6th Cir.1987) (per curiam). Accordingly, the notice of appeal filed April 3, 1989 is untimely because it was filed more than 30 days from the date of the appealable order, and does not confer jurisdiction on this Court. 28 U.S.C. Sec. 2107; Fed.R.App.P. 4(a)(1).
 
 
 7
 It is ORDERED that this appeal is dismissed for lack of jurisdiction. The motion to stay is denied as moot.